UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DORTHEA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV00761 JCH |
| | ) | |
| TRAVELERS CASUALTY AND | ) | |
| MARINE INSURANCE COMPANY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's Motion to Remand, filed May 5, 2011. (Doc. No. 9). Conversely, Defendant Travelers Home & Marine Insurance Co. ("Travelers") and Defendants Jack Lawrence Jr. Agency and Jack Lawrence Jr. ("Lawrence Defendants") filed Motions to Dismiss Count III of the Plaintiff's Petition based upon the allegedly fraudulent joinder of the Lawrence Defendants. (Doc. Nos. 5, 11). These motions are fully briefed and ready for disposition.

## BACKGROUND

On August 6, 2010, Plaintiff Dorothea Johnson ("Johnson") filed her Petition against the Lawrence Defendants in the Circuit Court of the City of St. Louis, Missouri. (Doc. No. 10-3). On or about March 9, 2011, Plaintiff filed her First Amended Petition, joining Defendant Travelers Home & Marine Insurance Company ("Travelers") and adding two Breach of Contract claims against Travelers. (Doc. No. 7; "Complaint").

In her Complaint, Plaintiff alleges she entered into an insurance policy on or about July 5, 2007, with Travelers, through Lawrence as agent, covering her property located on Page Boulevard in St. Louis, Missouri ("Policy"). (Complaint, ¶¶ 3, 7). Plaintiff alleges breach of contract –

vexatious delay against Travelers and negligence against the Lawrence Defendants arising out of Travelers denial of coverage after the property suffered water damage during the Spring of 2008. (Complaint, *passim*).

Travelers removed the action to this Court on April 29, 2011, despite the lack of complete diversity on the face of the Complaint.[1]  In its Notice of Removal, Travelers asserts that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a) because the only non-diverse defendants, the Lawrence Defendants, were fraudulently joined as defendants to this action.  (Doc. No. 1, ¶¶ 6, 9). As stated above, on May 5, 2011, Plaintiff filed her Motion for Remand, requesting that the Court remand this case to state court.  (Doc. No. 9).

## DISCUSSION

"Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand."  Manning v. Wal-Mart Stores East, Inc., 304 F.Supp.2d 1146, 1148 (E.D.Mo. 2004) (citing Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997), cert. denied, 522 U.S. 1075, 139 L. Ed. 2d 753, 118 S. Ct. 852 (1998)).  The party seeking removal and opposing remand has the burden of establishing jurisdiction.  Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, 561 F.3d 904, 912 (8th Cir. 2009).

A civil action brought in state court may be removed to the proper district court if the district courts have original jurisdiction of the action.  28 U.S.C. § 1441(a).  Federal district courts have original jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[2]  Manning, 304 F.Supp.2d at 1148 (citing 28

---

[1]For diversity purposes, the Plaintiff and the Lawrence Defendants are citizens of the state of Missouri and Defendant Travelers is incorporated in Connecticut, with its principal place of business in Connecticut.  (Complaint) (Doc. No. 1, ¶ 4).

[2]There is no dispute in the instant case that the amount in controversy exceeds $75,000.

U.S.C. § 1332(a)(1)). Actions where jurisdiction is predicated solely on diversity are "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). In this case, the action lacks diversity required for original jurisdiction because Plaintiff and the Lawrence Defendants are residents of Missouri. Defendant Travelers, however, asserts that diversity exists because the Lawrence Defendants, the only non-diverse parties, were fraudulently joined. (Doc. No. 1, ¶¶ 6, 9).

"When a court is assessing whether diversity jurisdiction exists over a particular case, it may ignore the citizenship of parties fraudulently joined." Moss v. Defender Servs., No. 1:08-CV-88, 2009 U.S. Dist. LEXIS 2337, at *3 (E.D. Mo. Jan. 14, 2009)(citing Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983)). Joinder is fraudulent and removal is proper "when a plaintiff files a frivolous or illegitimate claim against a resident defendant solely to prevent removal." Junk v. Terminix Int'l Co., 628 F.3d 439, 445 (8th Cir. 2010) (citation omitted). However, "joinder is fraudulent only when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." Wilkinson v. Shackelford, 478 F.3d 957, 964 (8th Cir. 2007) (citation and internal quotations omitted) (emphasizing that the fraudulent joinder inquiry does not focus on the "artfulness of the pleadings" but on the ability of the plaintiff to state a colorable claim). The party invoking federal jurisdiction and seeking removal has the burden of "establishing jurisdiction by a preponderance of the evidence, and all doubts about jurisdiction are to be resolved in favor of remand." Nicely v. Wyeth, Inc., 2011 WL 2462060, at *2 (E.D.Mo. June 17, 2011) (citing In re Prempro Prods. Liab. Litig., 591 F.3d 613, 620 (8th Cir. 2010)). The Eighth Circuit has described the fraudulent joinder standard as follows:[3]

---

[3]The Filla definition of fraudulent joinder does not include consideration of the plaintiff's intention to follow through with claims against the resident defendant. Recent Eighth Circuit opinions have embraced the Filla definition, analyzing fraudulent joinder only with respect to the reasonable basis for the claim against the resident defendant under state law. See, e.g., Knudson v. Systems Painters, Inc., 634 F.3d 968, 980 (8th Cir. 2011) ("[J]oinder is not fraudulent where 'there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts

A proper review should give paramount consideration to the reasonableness of the basis underlying the state claim. Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is <u>clear</u> under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." ... However, if there is a "colorable" cause of action—that is, if the state law <u>might</u> impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder.

<u>Filla v. Norfolk Southern Railway Co.</u>, 336 F.3d 806, 810 (8th Cir. 2003) (internal citations and footnote omitted; emphasis in original). This reasonableness standard requires "the defendant to do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion." <u>Knudson v. Systems Painters, Inc.</u>, 634 F.3d 968, 980 (8th Cir. 2011); <u>Junk</u>, 628 F.3d at 445(noting that the Fed.R.Civ.P. 12(b)(6) standard is "more demanding" than the <u>Filla</u> standard applied in the fraudulent joinder context). In making a prediction as to whether state law might impose liability based on the facts alleged, "the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor" and should not "step from the threshold jurisdictional issue into a decision on the merits. <u>Manning</u>, 304 F.Supp.2d at 1148 (internal quotations and citations omitted).

Thus, the issue becomes whether state law might reasonably impose liability on the non-diverse defendants, the Lawrence Defendants, based on the facts alleged in the complaint. <u>See</u> <u>Filla</u>, 336 F.3d at 810; <u>Manning</u>, 304 F.Supp.2d at 1149.

Plaintiff alleges that the Lawrence Defendants negligently failed to obtain insurance for the Plaintiff's building to the extent that the insurance does not actually provide the requested coverage.

involved.'" (quoting <u>Filla</u>, 336 F.3d at 811)); <u>Junk</u>, 628 F.3d at 446 (The question of fraudulent joinder "turns on whether [Plaintiff] might have had a 'colorable' claim against [Defendant], . . . ." (citing <u>Wilkinson</u>, 478 F.3d at 964)); <u>Wilkinson</u>, 478 F.3d, at 964 ("A joinder is fraudulent only 'when there exists no reasonable basis in fact and law supporting a claim against the resident defendants.'" )(quoting <u>Menz v. New Holland N. Am., Inc.</u>, 440 F.3d 1002, 1004 (8th Cir. 2006)). Accordingly, this Court will not apply the "no real intention of prosecuting the action" element for finding fraudulent joinder from <u>Reeb v. Wal-Mart Stores, Inc.</u>, 902 F.Supp. 185, 187 (E.D.Mo. 1995) in favor of the approach applied consistently in the more recent Eighth Circuit decisions.

(Complaint, ¶¶ 28-37). To support this theory, Plaintiff claims that she expressly instructed the Lawrence Defendants to obtain insurance for the specified building and provided them with "all necessary information" in order to do so. (Id., ¶ 33). Plaintiff further alleges that the Lawrence Defendants had a duty to obtain the requested insurance covering the building and failed to do so. (Id., ¶¶ 34, 35). The Complaint alleges that this breach resulted in Plaintiff's claim for property damage was denied on the grounds that the property was not her "residence premises." (Id., ¶ 35).

Under Missouri law, a claim of negligent failure to procure insurance requires that "(1) the agent agreed to procure, for compensation, insurance from the insurance company, (2) the agent failed to procure the agreed upon insurance and, in doing so, failed to exercise reasonable care and diligence, and (3) as a result, the plaintiff suffered damages." Busey Truck Equip., Inc. v. Am. Family Mut. Ins. Co., 299 S.W.3d 735, 738 (Mo. Ct. App. 2009)(citation omitted). "[A] broker or agent who undertakes to procure insurance for another for compensation owes a duty of reasonable skill, care, and diligence in obtaining the requested insurance." Id. This duty is breached if such an agent "unjustifiably and through his fault or neglect fails to obtain the requested insurance," or fails "to give notice to the client in the event of his failure to produce such insurance." Id. (citing Zeff Distr. Co., Inc. v. Aetna Cas. & Surety Co., Inc., 389 S.W.2d 789, 795 (Mo. Ct. App. 1965). In the event of breach, an agent is liable for any damages resulting from such failure to obtain requested insurance or failure to notify that the requested insurance was not obtained. Busey Truck, 299 S.W.3d at 738; Wilmering v. Lexington Ins. Co., 678 S.W.2d 865, 872 (Mo. Ct. App. 1984).

Here, the Plaintiff's claim for negligence against the Lawrence Defendants for failing to obtain the requested insurance is substantially similar to the claim the Busey Truck court held to be a valid cause of action. See 299 S.W.3d at 737-39 (reversing and remanding trial court's decision to dismiss a negligence claim against the insurance agent after the insurance company refused to pay full value

for property damage). In this case, the Plaintiff has pled facts alleging (1) a duty created by the agent relationship between Plaintiff and the Lawrence Defendants, who worked for compensation and for the purpose of purchasing insurance (Complaint, ¶¶ 32-33); (2) that the agent failed to procure the requested insurance coverage and did so in breach of its duty (Complaint, ¶ 35); and (3) that damages resulted from Lawrence's failure to procure the requested insurance coverage. (Complaint, ¶¶ 35, 36).

Travelers argues this case is distinguishable from <u>Busey Truck</u> based on the allegation that Plaintiff admitted she merely requested a "homeowner's policy" and received exactly that. (Doc. No. 6, p. 6; Doc. No. 14, pp. 3-4). Instead, Travelers argues the facts of this case are more similar to those of <u>Manzella v. Gilbert-Magill Co.</u>, which held the agent did not have a general duty to determine the appropriate amount of insurance coverage for a customer. 965 S.W.2d 221, 227 (Mo. Ct. App. 1998). Plaintiff's Complaint, however, does not allege simply that the Lawrence Defendants failed to advise her about the coverage required, as in <u>Manzella</u>, but, instead, Plaintiff alleges that she "instructed Defendants to obtain insurance to protect her from liability and property damage loss as a result of her ownership of the property" and that she "provided Defendants with all necessary information to obtain said insurance." (Complaint, ¶ 33). To the extent the parties disagree over the details of the insurance Plaintiff requested Lawrence procure and the extent of the information Plaintiff disclosed in making this request, these are factual questions for the state court to decide on remand.[4]

Therefore, there is "arguably a reasonable basis for predicting that Missouri law might impose liability" on the resident defendant Lawrence. See <u>Kundson</u>, 634 F.3d at 980 (quoting <u>Filla</u>, 336 F.3d

---

[4] Although Plaintiff's Complaint is "not as artful as it might have been" all that is required is that it states facts "sufficient to make a colorable claim against" the Lawrence Defendants under Missouri law. See <u>Junk</u>, 628 F.3d at 446; <u>Wilkinson</u>, 478 F.3d at 964 ("The relevant inquiry in analyzing fraudulent joinder . . . focuses only on whether a plaintiff 'might' have a 'colorable' claim . . . not on the artfulness of the pleadings. (citation omitted)).

at 811).  Accordingly, the resident defendant is not fraudulently joined and the action is remanded to state court due to lack of federal jurisdiction.

In addition, as the Court finds this instant action lacks federal jurisdiction, the Defendants' motions to dismiss Count III of the Complaint are denied as moot.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand (Doc. No. 9) is **GRANTED**.  An order of remand accompanies this Order.

**IT IS FURTHER ORDERED** that Defendants Travelers Home & Marine Insurance Co.'s and Defendants Jack Lawrence Jr. Agency and Jack Lawrence Jr.'s  Motions to Dismiss (Doc. Nos. 5, 11) are **DENIED** as moot.


Dated this 20th day of July, 2011.


/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE